**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel Cobo,<br><br>          Plaintiff,<br><br>v.<br><br>Castro Plumbing Services LLC, et al.,<br><br>          Defendants. | No. CV-25-02158-PHX-DWL<br><br>**ORDER** |

      Plaintiff has filed a motion for default judgment against Defendants Castro Plumbing Services, LLC, Daniel Espinoza Castro, and Jane Doe Castro (collectively, "Defendants"). (Doc. 11.) For the reasons that follow, the motion is granted in part and denied in part.

I.     <u>Background</u>

      On June 21, 2025, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 ¶ 1.) Plaintiff alleges that he worked for Castro Plumbing Services, LLC, a plumbing company, from March 8, 2025 through June 12, 2025; that during this period, he worked "approximately 50 workdays" and "approximately between 12 and 14 workweeks"; that he "generally worked approximately between 48 and 50 hours or more per week"; that he was "supposed to be compensated[] at a regular rate of $170 per day, regardless of the number of hours [he] actually worked, and regardless of whether he worked in excess of 40 hours in a given workweek"; and that "[b]ut for certain late,

sporadic payments . . . which totaled approximately $2,000," he did not receive "any wages whatsoever for the entire duration of his employment." (*Id.* ¶¶ 34-44.) Plaintiff also alleges that Daniel Espinoza Castro is considered his "employer" for certain purposes because, *inter alia*, Daniel Espinoza Castro exercised hiring and firing power, controlled work schedules, and determined the rate and method of payment. (*Id.* ¶ 16.)

Defendants were served on July 4, 2025. (Docs. 6-8.) Thus, Defendants' responses to the complaint were due by July 25, 2025. Fed. R. Civ. P. 12(a)(1)(A). Defendants have not responded to the complaint or otherwise appeared in this action.

On August 16, 2025, Plaintiff filed an application for entry of default. (Doc. 9.) Two days later, the Clerk entered default against Defendants. (Doc. 10.)

On September 29, 2025, Plaintiff filed the pending motion for default judgment. (Doc. 11.) Defendants have not responded.

II.   Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

…

### A. Possible Prejudice To Plaintiff

The first *Eitel* factor weighs in favor of default judgment. Defendants have not participated in this action at all—they have not responded to the complaint or to the motion for default judgment. If Plaintiff's motion is not granted, Plaintiff will be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. Merits Of Claims And Sufficiency Of Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendants violated the FLSA, the AMWA, and the AWA. (Doc. 1.) Plaintiff alleges sufficient facts to establish Defendants' liability. The second and third factors favor default judgment.

### C. Amount At Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. The money at stake is relatively modest and authorized by statute. Thus, the fourth factor favors default judgment.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and Defendants' lack of participation, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Thus, the fifth factor favors default judgment.

### E. Excusable Neglect

Defendants have not participated in any way, despite having been served. There is no indication that any Defendant has failed to respond due to excusable neglect. Thus, the sixth factor favors default judgment.

### F. Policy Favoring Merits Resolution

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere

1 existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. The Court therefore is not precluded from entering default judgment against Defendants.

### G.  Conclusion

Six of the seven *Eitel* factors favor default judgment. The Court therefore concludes that default judgment is appropriate.

### H.  Damages

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing' . . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

Plaintiff has submitted a declaration in which he avows, *inter alia*, that he "generally worked six days per week for Defendants from approximately March 8, 2025, through approximately June 12, 2025—about 12 workweeks or about 72 workdays"; that he worked "a total of approximately 600 hours" during this period; that his "rate of pay, as assigned by Defendants, was supposed to be $170 per day"; and that he was only paid a total of $2,000, which "was made in late, sporadic payments." (Doc. 11-1 ¶¶ 7-11.)

Based on these factual avowals, Plaintiff also provides damage computations for each of his claims, as follows:

1. AWA

Plaintiff calculates his unpaid regular wages as $12,240 (*i.e.*, $170/day multiplied by 72 workdays); contends this $12,240 figure should be trebled, resulting in an adjusted award of $36,720; and argues that the $2,000 in wages he actually received should then be deducted from that adjusted award, resulting in a final award of $34,720. (*Id.* ¶¶ 13, 22-24.)

Although the treble damages provision of A.R.S. § 23-355 is discretionary,[1] the Court agrees that discretionary trebling is warranted here. "The treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned" and "is appropriate only when an employer withholds wages unreasonably and in bad faith." *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in part, vacated in part,* 77 P.3d 439 (cleaned up). The complaint sufficiently alleges that the wage withholding in this case was unreasonable and in bad faith. (Doc. 1 ¶¶ 45-46 ["Throughout his employment, and after his employment ended, Plaintiff contacted Defendant Daniel Espinoza Castro to inquire as to when he would be paid for work he performed during his employment. In response, Defendant Daniel Espinoza Castro made promises of future payments to Plaintiff but did not pay him for such work."].)

The Court also agrees with how Plaintiff accounted for the $2,000 in wages he belatedly received. Under the FLSA, "[p]aychecks are due on payday. After that, the minimum wage is 'unpaid.'" *Biggs v. Wilson*, 1 F.3d 1537, 1544 (9th Cir. 1993). "[P]rejudgment interest[] and liquidated damages . . . begin on the same day at which a violation occurs." *Id.* at 1540-41. The Court sees no reason to deviate from that approach

---

[1] *See, e.g., Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997); *see also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355.").

- 5 -

for purposes of calculating AWA liability. *Hoppmann v. Pampered Pets & Plants Inc.*, 2024 WL 380973, *8 (D. Ariz. 2024) (noting that "a late wage payment could potentially lead to an award of treble damages under A.R.S. § 23-355"). Accordingly, it makes sense to apply the $2,000 offset after trebling, as Plaintiff has done.

Finally, as Plaintiff acknowledges, the individual defendants may not be held liable for his AWA claim. Accordingly, Plaintiff is entitled to an AWA award of $34,720 against Castro Plumbing Services, LLC.

### 2. AMWA

Plaintiff calculates his unpaid Arizona minimum wages as $8,820 (*i.e.*, $14.70/hour multiplied by 600 hours) and contends this $8,840 figure should be trebled, resulting in a final AMWA award of $26,460. (Doc. 11-1 ¶¶ 12, 20.)

On the one hand, Plaintiff is correct that trebling is warranted—trebling is mandatory (rather than discretionary) under AMWA. A.R.S. § 23-364(G). On the other hand, Plaintiff ignores the $2,000 in wages he belatedly received. Those wages must be deducted after trebling (just as they were for AWA purposes). Thus, the AMWA award should be $24,460, not $26,460.

Finally, Plaintiff correctly notes that all Defendants may be held jointly and severally liable for the AMWA award. *Barrons v. Smallwood*, 2024 WL 5056412, *3 (D. Ariz. 2024) ("Under the AMWA, the term 'employer' is defined more expansively than it is defined under the AWA, such that it encompasses 'any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee.' The FLSA utilizes a similarly expansive definition.") (citation omitted).

### 3. FLSA Minimum Wage

Plaintiff calculates his unpaid FLSA minimum wages as $4,350 (*i.e.*, $7.25/hour multiplied by 600 hours) and contends this $4,350 figure should be doubled, resulting in a final FLSA minimum wage award of $8,700. (Doc. 11-1 ¶¶ 12, 18-19.) Plaintiff does not

provide for an offset for the $2,000 wages he belatedly received, but this omission is immaterial because Plaintiff correctly notes that any award of unpaid federal minimum wages would be "engulf[ed]" by the other awards. (*Id.* ¶ 21.) Accordingly, there is no basis for making a separate award of FLSA minimum wages.

### 4. FLSA Overtime

Plaintiff contends that because his "weekly rate of pay of $1,020 ($170 * 6), yields a regular rate of pay of $20.40 per hour ($1,020 per week ÷ 50 hours per week)," it follows that "at 50 hours per week for 12 workweeks, [he] should have been paid an overtime premium of $10.20 (one-half [his] regular rate of pay of $20.40) for each of the approximately 10 hours worked in excess of 40 per week per week. This number . . . yields 120 overtime hours (12 weeks * 10 hours overtime per week)," which in turns means that his "unpaid overtime damages for the 12 workweeks of my employment are $1,224." (Doc. 11-1 ¶¶ 15-17.) Plaintiff further contends this figure should be doubled under the FLSA, resulting in a final overtime award of $2,448. (*Id.* ¶¶ 24-25.) Plaintiff contends that each Defendant's overall liability should be increased by this figure. (*Id.* ¶ 25.)

As an initial matter, the Court agrees with Plaintiff's methodology for calculating his unpaid minimum wages under the FLSA. *Bemejo v. Shaker Contractors, Corp.*, 2022 WL 17251667, *2-4 (S.D.N.Y. 2022) ("Plaintiffs allege that they were paid a daily rate. Consequently, under the FLSA, Plaintiffs' regular rate must be determined . . . by dividing the total compensation they received each week by the total hours they worked in that week. . . . [T]he measure of their damages for unpaid overtime is simply the difference between the regular rate and the higher overtime rate, multiplied by the number of overtime hours worked. And since the overtime rate equals one and one-half times the regular rate, that difference is simply half of the regular rate multiplied by the number of overtime hours worked.").

The more complicated question is whether increasing Plaintiff's overall recovery in this case to account for his unpaid FLSA overtime wages would result in impermissible double-counting. As noted, Plaintiff acknowledges he is not entitled to an award of

*minimum* wages under the FLSA because any such award would be engulfed by his AMWA and AWA claims. It might be argued that the same logic precludes Plaintiff from increasing his overall recovery in this action based on his claim for *overtime* wages under the FLSA. Indeed, under Plaintiff's FLSA-related calculations (which, as noted, do not provide an offset for the $2,000 in belated wage payments that Plaintiff received), Plaintiff is entitled to an overall award under the FLSA of $11,148, consisting of $8,700 for unpaid minimum wages and $2,448 in unpaid overtime. This $11,148 figure is much lower than Plaintiff's calculations regarding his AMWA and AWA claims. *See generally Barrons*, 2024 WL 5056412 at *2 ("Courts in the District of Arizona routinely conclude that plaintiffs bringing AWA, AMWA, and FLSA claims are entitled only to the maximum amount of damages under either the state or federal statutes. Thus, at least where an AWA claim is subject to trebling, it will generally engulf the amount owed under the FLSA and/or the AMWA, such that the latter claims are relevant only where, as here, certain defendants may be jointly and severally liable for the FLSA and AMWA violations but not for the AWA violations.") (cleaned up).

Despite that potential concern, the Court concludes that granting Plaintiff's request to increase the relevant damage awards by $2,448 would not result in impermissible double-counting. The analysis as to the AMWA claim is most straightforward—because AMWA is only concerned with minimum wages, whereas Count Two of the complaint asserts a claim under the overtime provisions of the FLSA (Doc. 1 ¶¶ 75-78), there is no impermissible overlap with the AMWA award (for which all Defendants are jointly and severally liable).

As for Plaintiff's AWA claim, which engulfs both his AMWA minimum wage damages and his FLSA minimum wage damages, and for which only Defendant Castro Plumbing Services, LLC is liable, it appears (although the caselaw is not unanimous on this point) that Plaintiff could have incorporated into that claim a request for damages arising from his failure to timely receive the minimum wages to which he was entitled under the FLSA. *See, e.g., Levy v. Sonoran Rovers LLC*, 2025 WL 1736774, *3 (D. Ariz.

2025) ("Although overtime claims that are directly covered by the FLSA must be brought under the FLSA, a claim of untimely payment of wages [under the AWA] is not directly covered under the FLSA, and allows for different forms of relief. The Court finds FLSA does not preempt Plaintiff's claims that Defendants failed to timely pay [overtime] wages under the AWA.") (cleaned up); *Butler v. Specialized Loan Servicing LLC*, 2025 WL 404302, *3 (D. Colo. 2025) ("[P]laintiff sufficiently alleges that Agents had a reasonable expectation they would be compensated for overtime work [under the FLSA] and that they did not receive such compensation. . . . Therefore, the Court finds that plaintiff sufficiently alleges that SLS violated the AWA by failing to timely pay overtime wages . . . ."); *Salgado v. Flowers Foods Inc.*, 2023 WL 5348573, *2-4 & n.2 (D. Ariz. 2023) (concluding that although "the AWA does not require overtime payment by private employers," "in providing a remedy for failure to timely pay overtime wages, the AWA can incorporate the FLSA's substantive requirement of overtime pay"). Had Plaintiff followed that approach, his overall AWA recovery in this case could have potentially been even higher, because the AWA allows for trebling whereas Plaintiff only seeks double damages based on his FLSA overtime claim. Naturally, an award of treble damages for failure to timely pay overtime wages under the AWA would have engulfed an award of double damages for failure to pay overtime wages under the FLSA. However, because Plaintiff did not seek damages for untimely overtime pay as part of his AWA claim, there is no higher overtime-based award to engulf his request for FLSA overtime damages. Under these circumstances, increasing Plaintiff's recovery against Castro Plumbing Services, LLC by an additional $2,448 (on top of the $34,720 he is already receiving from Castro Plumbing Services, LLC based on his AWA claim) would not result in impermissible double-recovery.

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion for default judgment (Doc. 14) is **granted in part and denied**.

2. The Clerk shall enter judgment as follows. Plaintiff is awarded $37,168 against Defendant Castro Plumbing Services, LLC. Defendants Daniel Espinoza Castro and Jane Doe Castro are jointly and severally liable with each other and with Castro Plumbing Services, LLC for $26,908 of that sum.

3. Within 14 days after entry of judgment, Plaintiff may file a motion for attorneys' fees.

Dated this 5th day of November, 2025.

Dominic W. Lanza
United States District Judge